1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    MATTHEW H. BECKETT,                    Case No. 1:20-cv-01468-CDB (PC)

12                    Plaintiff,             FINDINGS AND RECOMMENDATIONS TO
                                             DENY PLAINTIFF'S MOTION FOR
13            v.                             PRODUCTION OF PROPERTY

14    SCALIA, *et al.*,                      (Doc. 23)

15                    Defendants.

16
                                             **FOURTEEN (14) DAY DEADLINE**
17

18                                           The Clerk of Court to assign a District Judge.

19

20            Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis*

21    in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff has filed a motion requesting the

22    production of property withheld when he was transferred from California State Prison (CSP)–

23    Sacramento to Atascadero State Hospital. (Doc. 23 at 1, 4.) Plaintiff requests that the Court

24    intervene and command the Warden and California Department of Corrections and

25    Rehabilitation (CDCR) to produce all property withheld. (*Id.* at 4.) Because of the relief sought,

26    the Court construes the pleading as a motion for a preliminary injunction and recommends the

27    denial of the request.

28    ///

1   I.      **DISCUSSION**

2          A.      **Jurisdiction and Rule 65**

3          "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

4   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The Court's jurisdiction

5   is limited to the parties in this action and to the viable legal claims upon which this action is

6   proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009). It may issue preliminary

7   injunctive relief only if personal jurisdiction over the parties and subject matter jurisdiction over

8   the lawsuit have been established. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

9   U.S. 344, 350 (1999).

10         Under Rule 65, an injunction binds only "the parties to the action," their "officers, agents,

11  servants, employees, and attorneys," and "other persons who are in active concert or

12  participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). The movant must also give "notice to the adverse

13  party" before the Court can issue injunctive relief. Fed. R. Civ. P. 65(a). A putative defendant

14  "becomes a party officially, and is required to take action in that capacity, only upon service of

15  summons or other authority-asserting measure stating the time within which the party must

16  appear to defend." *Murphy Bros.*, 526 U.S. at 350. The pendency of this action does not give the

17  Court jurisdiction over prison officials in general. *Summers*, 555 U.S. at 491–93.

18         Approximately three weeks after filing the instant motion, Plaintiff filed his second

19  amended complaint (SAC). (Doc. 24.) This pleading is currently pending for screening by the

20  Court. Therefore, at this early stage of the proceedings, this case lacks an operative complaint.

21  Without an operative complaint and service on Defendants, there is no case or controversy

22  before the Court. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983). Additionally, because neither

23  the Warden nor CDCR is a putative defendant, the Court lacks personal jurisdiction over these

24  non-parties.

25         B.      **Nexus**

26         The injunctive relief sought must be related to the claims brought in the complaint. *See*

27  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). In

28  other words, "there must be a relationship between the injury claimed in the motion for

2

injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.* A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

The Court has conducted a preliminary review of the submitted SAC to determine whether the injunctive relief sought is related to Plaintiff's claims. It is not. In the SAC, Plaintiff alleges Defendants, Correctional Officers (COs) at CSP–Corcoran, subjected him to excessive force; retaliated against him for submitting 602 inmate grievances; obstructed his use of the inmate grievance and appeals system; denied him medical treatment; labeled him a snitch and a sex offender to encourage attacks by other inmates; deprived him of food and water; conduced frequent cell searches and removed his personal property and legal documents. (Doc. 24.)

The instant motion concerns documents lost or destroyed when he was transferred from CSP–Sacramento, and Plaintiff attaches a letter he sent to Warden J. Lynch of CSP–Sacramento requesting the return of his property. Thus, the request for injunctive relief lacks the appropriate nexus to the SAC and should be denied.[1]

## II.    CONCLUSION

Accordingly, it is hereby RECOMMENDED that the Court DENY Plaintiff's motion for production of property. (Doc. 23)

The Clerk of Court is directed to assign a District Judge to this case.

*Remainder of This Page Intentionally Left Blank*

---

[1] For this reason, the Court will not analyze the merits of Plaintiff's request for documents under *Winter*.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, any party may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 2, 2023**                        _____

UNITED STATES MAGISTRATE JUDGE