UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>           Plaintiff,<br><br>   v.<br><br>SCALIA, *et al.*,<br><br>           Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

      Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

      On October 31, 2023, the Court issued its Third Screening Order. (Doc. 29.) The Court found Plaintiff plausibly alleged the following cognizable claims in his second amended complaint: Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez (Claim One); Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth (Claim One); and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth (Claim Four). (*Id*. at 9-18.) It also found Plaintiff had failed to allege any other cognizable claim against any other named Defendant. (*Id*.) Plaintiff was ordered, within 21 days of the date of service of

the order, to elect one of the following options: (1) to notify the Court in writing that he did not wish to file a third amended complaint and was willing to proceed only on the Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez (Claim One), Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth (Claim One), and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth (Claim Four), the remaining claims against any defendant to be dismissed; *or* (2) to file a third amended complaint curing the deficiencies identified by the Court in the screening order; *or* (3) to file a notice of voluntary dismissal. (*Id*. at 18-19.) More than 21 days have passed, but Plaintiff has failed to file a notice to proceed on his cognizable claims, or a third amended complaint, or a notice of voluntary dismissal.

## II.   DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Here, Plaintiff has failed to respond to the Court's Third Screening Order. He has not filed a notice to proceed on the claims identified as cognizable in the screening order, nor has he filed either a third amended complaint or a notice of voluntary dismissal. Plaintiff has failed to respond in any way. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending more than three years. This matter can proceed no further without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped complying with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Third Screening Order included the following warning: "**If Plaintiff fails to comply**

**with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 29 at 19, emphasis in original.) Further, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued October 14, 2020, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) Lastly, Plaintiff has been similarly warned on previous occasions. (*See* Docs. 10 [order issued 3/15/2021] & 17 [order issued 6/3/2022].) Therefore, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATIONS

For the reasons given above, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

///

4

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 28, 2023**                      _____
                                                    UNITED STATES MAGISTRATE JUDGE

5