UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>            Plaintiff,<br><br>     v.<br><br>SCALIA, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 30)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 31) |

Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

## I.     INTRODUCTION

On October 31, 2023, the Court issued its Third Screening Order. (Doc. 29.) The Court found Plaintiff plausibly alleged cognizable claims against several named Defendants but had failed to state any other cognizable claim. (*Id*. at 9-18.) Plaintiff was ordered to respond within 21 days of the date of service of the order. (*Id*. at 18-19.)

On November 29, 2023, when more than 21 days elapsed without Plaintiff responding to the screening order, the Court issued Findings and Recommendations to dismiss this action for Plaintiff's failure to obey and failure to prosecute. (Doc. 30.) Plaintiff was to file any objections within 14 days of the date of service. (*Id*. at 4-5.)

Later that same date, the Court received and filed Plaintiff's motion to appoint counsel (Doc. 31) and his response to the Court's Third Screening Order (Doc. 32).

Given Plaintiff's response to the screening order, the Court will vacate the Findings and Recommendations issued November 29, 2023, and addresses Plaintiff's motion below.

**II.   DISCUSSION**

Plaintiff asserts he was admitted to Atascadero State Hospital on June 12, 2022, and was sentenced in Kings County Superior Court pursuant to California Penal Code section 1026.[1] (Doc. 31.) He contends that he has "not yet received a 'Restoration of Sanity.'" (*Id* at 1.) Plaintiff asks the Court to appoint counsel because he is "under an 'Extreme Circumstance,' [and] deprived of mental faculties that the average person may possess, due to disability and or mental impairments." (*Id*.) He requests appointment of "a forensic team of sorts to determine" his mental state and to "certify [him] fit to proceed." (*Id*.) Plaintiff states he cannot afford to retain an attorney and is a developmentally disabled man with a learning disability and "multiple mental health diagnosis" that greatly affect his "capacity and place [him] at an increased place of disadvantage pertaining to a fair ability to achieve justice." (*Id*.) He asserts he is "not a stupid man however between the aforementioned challenges and a mental health diagnosis[, it] is definitely a descriminatory effect and perhaps unfair." (*Id*. at 1-2.)

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

---

[1] California Penal Code section 1026 pertains, in relevant part, to pleas of insanity, commitments to the Department of State Hospitals, and restoration of sanity.

"exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Likelihood of Success on the Merits*

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. *Rand*, 113 F.3d at 1525. A merits-based determination tests the veracity of the claims based upon evidence adduced during litigation. The issues involved here are not complex. Plaintiff's Eighth Amendment excessive force and failure to intervene claims, as well as his First Amendment retaliation claims, will largely involve factual determinations as opposed to more complex legal arguments and determinations.

### *Plaintiff's Ability to Articulate Claims*

The Court finds Plaintiff is able to articulate his claims. *Rand*, 113 F.3d at 1525. Plaintiff has responded appropriately to the Court's orders and recently stated several cognizable claims in his second amended complaint. Additionally, Plaintiff has filed several motions with the Court and has competently prosecuted this case for more than three years, including during the period involving his commitment to Atascadero State Hospital.

To the extent Plaintiff requests a competency hearing, "[a] party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Exactly what constitutes "substantial evidence" is not specifically denoted in *Allen*; however, courts may consider evidence such as sworn declarations and letters from treating psychiatrists. *Id*. at 1151–53. In *Allen*, the Ninth Circuit found substantial evidence of incompetency where the petitioner submitted his own sworn declaration and another inmate's declaration explaining petitioner's

mental illness and inability to understand the court's orders, as well as a letter from the petitioner's psychiatrist detailing his diagnosed schizophrenia and medications. *Id*. at 1153. An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. *See McElroy v. Cox*, No. 08–1221 JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). In *McElroy*, the plaintiff, a pro se prisoner in a section 1983 case, presented documents similar to those provided in *Allen* to support his mental disability; however, the court found "there is no nexus between his mental disorder and his ability to articulate his claims." *Id*. at *3. The court found the plaintiff's ability to articulate his claim was not affected by his mental disorder. *Id*. The plaintiff had successfully survived screening, successfully opposed Defendants' motion to dismiss by presenting legal arguments with documentary support, and his motions for appointment of counsel were drafted with clarity and proper arguments. *Id*. Medical records also showed that he functioned well when properly medicated. *Id*. The court denied Plaintiff's motion to appoint counsel because he had not shown that the interests of justice or exceptional circumstances warranted appointment of counsel. *Id*.

Here, Plaintiff has offered only his vague allegations of a learning disability and "multiple mental health" diagnoses and offers no substantial evidence of incompetence. *See also Yocom v. County of Tulare*, No. 1:21-cv-00849-HBK (PC), 2023 WL 5723828, at *1 (E.D. Cal. Sept. 5, 2023); *Meeks v. Nunez*, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017).

Additionally, even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary

assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Further, indigency does not qualify as an exceptional circumstance. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner litigants. Nevertheless, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.     CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations issued November 29, 2023 (Doc. 30) are **VACATED**; and

2. Plaintiff's Motion to Appoint Counsel (Doc. 31) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:     **November 30, 2023**

UNITED STATES MAGISTRATE JUDGE