UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MATTHEW H. BECKETT,

Plaintiff,

v.

SCALIA, *et al.*,

Defendants.

Case No. 1:20-cv-01468-JLT-CDB (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

**14-DAY OBJECTION PERIOD**

Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

## I.      INTRODUCTION

On October 31, 2023, the Court issued its Third Screening Order. (Doc. 29.) The Court found Plaintiff's second amended complaint plausibly alleged Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez (Claim One), Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth (Claim One), and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth (Claim Four); however, the Court also held the

second amended complaint failed to allege any other cognizable claim against any other named Defendant. (*Id*. at 4-17.) Plaintiff was ordered to select one of the following three options within 21 days of the date of service of the order: (1) to notify the Court in writing that he does not wish to file a third amended complaint and he is willing to proceed *only* on the Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez, Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth with the remaining claims against any other defendants to be dismissed; or (2) to file a third amended complaint curing the deficiencies identified by the Court in the screening order; or (3) to file a notice of voluntary dismissal. (*Id*. at 18-19.)

On November 29, 2023, Plaintiff filed a notice indicating he was willing to proceed only on the claims found cognizable by the Court. (Doc. 32.)

## II.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth in the Court's Third Screening Order, the Court **RECOMMENDS** that:

1. This action **PROCEED** *only* on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez (Claim One); Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth (Claim One); and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth (Claim Four), pursuant to 42 U.S.C. § 1983;

2. Defendant L. Hurtado be **DISMISSED** from this action; and

3. Any remaining claims in Plaintiff's second amended complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

2

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 30, 2023**

UNITED STATES MAGISTRATE JUDGE