# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>           Plaintiff,<br><br>     v.<br><br>SCALIA, *et al.*,<br><br>           Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING OF PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. 34) |

Matthew H. Beckett seeks to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge recommended this action proceed only on the Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez, Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez and Hackworth; and that the remaining claims and defendants to be dismissed. (Doc. 34.) Plaintiff filed objections, which focus solely on the recommended dismissal of his deliberate indifference claim against Defendant Hurtado. (Doc. 36.)

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes

the Findings and Recommendations are supported by the record and proper analysis in all but one respect. Specifically, the magistrate judge concluded, correctly, that:

> Plaintiff has plausibly alleged a deliberate indifference to serious medical needs claim against Defendant Hackworth by alleging Hackworth was present and aware of his having been sprayed with a chemical agent, but that Hackworth disregarded the risk to Plaintiff's health by refusing to allow Plaintiff to be decontaminated, directly responding to an inquiry by [Defendant] Hurtado about whether Plaintiff should be decontaminated by replying, "F…, no."

(Doc. 29 at 17.) However, the findings and recommendations also concluded that Plaintiff failed to allege a deliberate indifference claim against Defendant Hurtado in part because the complaint alleges that "Hurtado asked Hackworth about decontamination procedures following the chemical agent incident" and was told by Hackworth not to decontaminate Plaintiff. (*Id.*) There are circumstances in which consulting a supervisor and following that supervisor's orders may insulate a subordinate from deliberate indifference liability. *See Franklin v. Scribner*, No. 07-0438-WVG, 2010 WL 3895113, at *15 (S.D. Cal. Sept. 29, 2010), aff'd, 471 F. App'x 803 (9th Cir. 2012) ("[Defendant] asked his supervisor whether Plaintiff's Accommodation Chrono exempted Plaintiff from the lockdown restriction that Plaintiff wear shower shoes when he exited his cell. He was instructed that Plaintiff had to wear his shower shoes when he exited his cell. Bass complied with his orders, which he had no discretion to disregard."). However, there is no bright line rule of indemnification just because a supervisor issued a relevant order. As the district court in *Blake v. Cal. Dep't of Correction*, No. CV 19-9239-DDP(E), 2022 WL 20356985, at *5 (C.D. Cal. Mar. 31, 2022), explained:

> "[I]individuals cannot always be held immune for the results of their official conduct simply because they were enforcing policies or orders promulgated by those with superior authority." *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994); *see also Baude v. Leyshock*, 23 F.4th 1065 (8th Cir. 2022) ("Subordinate police officers cannot escape liability when they blindly follow orders."); *Kennedy v. City of Cincinnati*, 595 F.3d 327, 337 (6th Cir.), cert. denied, 562 U.S. 832 (2010) ("[P]ublic officials have an obligation to follow the Constitution even in the midst of a contrary directive from a superior or in a policy.") (citations, quotations and brackets omitted)); *O'Rourke v. Hayes*, 378 F.3d 1201, 1210 n.5 (11th Cir. 2004) ("since World War II, the 'just following orders' defense has not occupied a respected position in our jurisprudence, and officers

in such cases may be held liable under § 1983 if there is a reason why any of them should question the validity of that order") (citation and quotations omitted); *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999) (in civil rights case, "[r]eliance on a superior's orders does not in itself dissipate all liability") (citations omitted); *Adams v. Davis*, 2022 WL 263287, at *8 n.2 (E.D. Tex. Jan. 6, 2022), adopted, 2022 WL 256493 (E.D. Tex. Jan. 26, 2022) ("The 'I was only following orders' defense is not a viable defense to a deliberate indifference claim. Correctional officers are expected to know and follow constitutional standards regarding the safety and health of inmates.").

At this stage of the case, the Court believes the deliberate indifference to medical needs claim against Defendant Hurtado should proceed past screening. The facts as presently alleged do not materially differentiate Hurtado's conduct from Hackworth's. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued November 30, 2023 (Doc. 34) are **ADOPTED IN PART**.

2. This action **PROCEEDS** on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez (Claim One); Eighth Amendment failure to protect/failure to intervene claims against Defendant Hackworth (Claim One); and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado (Claim Four), pursuant to 42 U.S.C. § 1983.

3. The remaining claims in Plaintiff's second amended complaint are **DISMISSED**.

4. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**December 26, 2023**__                    _____
                                                                                    UNITED STATES DISTRICT JUDGE