UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>             Plaintiff,<br><br>    v.<br><br>SCALIA, *et al.*,<br><br>             Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>**FURTHER ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**3-DAY DEADLINE**<br><br>(Docs. 44, 45) |

Plaintiff Matthew H. Beckett is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On January 22, 2024, the Court issued its Order Finding Service Appropriate. (Doc. 40.) Specifically, service was to be effected on B. Hackworth, Hernandez, L. Hurtado, A. Madrigal and J. Scalia. (*Id*. at 2.) Relevant here, the California Department of Corrections and Rehabilitation ("CDCR") was directed to file the "CDCR Notice of E-Service Waiver" form within 40 days, advising whether defendants agreed to waive service of process without the need for personal service. (*Id*. at 3.)

When more than 40 days passed without a response, on March 6, 2024, the Court issued an order directing CDCR to show cause in writing, within 5 days, why sanctions should not be

imposed for failing to comply with a court order, or, alternatively, to file a completed waiver form. (Doc. 44 [minute order].)

On March 7, 2024, the CDCR filed neither a document demonstrating good cause for violating a court order or a completed waiver form. Instead, CDCR file a form-request for a 14-day extension of time within which to file the Notice of E-Service Waiver form, noting authorization was pending as to Defendants Hackworth, Hernandez, Hurtado, Madrigal and Scalia. (Doc. 45.)

## II.   DISCUSSION

CDCR has failed to properly respond to the Court's minute order issued March 6, 2024. It fails to explain why sanctions should not be imposed for its failure to file the Notice of E-Service Waiver form. Responding to the Court's minute order by filing a form request for an extension of time concerning the Notice of E-Service Waiver form is wholly insufficient.  Thus, among other things, CDCR provides no explanation why the original 40 days was insufficient to obtain authorization for service waiver, or why two additional weeks is necessary.  CDCR's filing does not describe when it first sought authorization for service waiver, what obstacles it encountered in obtaining authorization, and what efforts it undertook in good faith to meet the Court's deadline. Nor did CDCR comply with the alternative provided for in the minute order by filing a completed Waiver of Service of Summons form.

## III.   CONCLUSION AND ORDER

Accordingly, **within 3 days** of the date of this order, CDCR shall show cause in writing why sanctions should not be imposed for its failure to comply with the Court's January 22 and March 6, 2024 orders.  **Failure to timely comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **March 8, 2024**                                  _____
                                                                                UNITED STATES MAGISTRATE JUDGE

2