1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MATTHEW H. BECKETT, | Case No. 1:20-cv-01468-JLT-CDB (PC) |
| 12          Plaintiff, | **ORDER DISCHARGING ORDERS TO** |
| 13      v. | **SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED** |
| 14  SCALIA, *et al.*, | **FOR FAILURE TO OBEY COURT ORDERS** |
| 15          Defendants. | (Docs. 44, 46) |
| 16 | |
| 17 | **ORDER GRANTING REQUEST** *NUNC PRO TUNC* **FOR EXTENSION OF TIME** |
| 18 | (Doc. 45) |
| 19 | |

20         Plaintiff Matthew H. Beckett is proceeding pro se and *in forma pauperis* in this civil rights

21  action pursuant to 42 U.S.C. § 1983.

22      **I.      RELEVANT BACKGROUND**

23         On January 22, 2024, the Court issued its Order Finding Service Appropriate. (Doc. 40.)

24  Specifically, service was to be effected on Defendants B. Hackworth, Hernandez, L. Hurtado, A.

25  Madrigal and J. Scalia. (*Id*. at 2.) Relevant here, the California Department of Corrections and

26  Rehabilitation ("CDCR") was directed to file the "CDCR Notice of E-Service Waiver" form

27  within 40 days, advising whether Defendants agreed to waive service of process without the need

28  for personal service. (*Id*. at 3.)

When more than 40 days passed without a response, on March 6, 2024, the Court issued an order directing CDCR to show cause in writing, within five days, why sanctions should not be imposed for failing to comply with a court order, or, alternatively, to file a completed waiver form. (Doc. 44 [minute order].)

On March 7, 2024, the CDCR filed a request for a 14-day extension of time within which to file the Notice of E-Service Waiver form, noting authorization was pending as to Defendants Hackworth, Hernandez, Hurtado, Madrigal and Scalia. (Doc. 45.)

On March 8, 2024, the Court issued its Further Order to Show Cause ("OSC") Why Sanctions Should Not Be Imposed for Failure to Obey Court Orders. (Doc. 46.)

On March 11, 2024, a Notice of Intent to Waive Service was filed as to Defendants Hackworth, Hernandez, Madrigal and Scalia. (Doc. 47.) Additionally, a Notice of Intent Not to Waive Service was filed as to Defendant Hurtado. (Doc. 48.) That same date, counsel for CDCR filed a response to the OSC. (Doc. 49.)

## II.     DISCUSSION

CDCR states it received the Court's order regarding service on January 22, 2024, and contacted California State Prison-Corcoran the following day to confirm the named Defendants still worked there and whether CDCR was authorized to waive service on their behalf. (Doc. 49 at 2.) While it is the CDCR's practice to calendar the deadline to file a CDCR Notice of E-Service Waiver form and a reminder five days prior to the deadline, as a result of inadvertence, neither was calendared. (*Id*.) When CDCR received an order to show cause on March 6, 2024, it again contacted the institution concerning confirmation of its authority to waive service of process. (*Id*.) CDCR states it filed a request for a 14-day extension of time on March 7, 2024, in a good faith effort to comply with the E-Service Pilot Program for Civil Rights Cases, believing it would then have sufficient information to file the CDCR Notice of E-Service Waiver form. (*Id*. at 2-3.) That same date, CDCR received confirmation from the institution that three of the five Defendants would waive service, one could not be identified, and another is now employed at the Office of Internal Affairs. (*Id*. at 3.) It advises that confirmation concerning the latter Defendant's waiver of

1   service of process was received on March 11, 2024. (*Id.*) Accordingly, on March 11, 2024, CDCR

2   filed the CDCR Notice of E-Service Waiver forms. (*Id.*)

3       CDCR contends that sanctions are unwarranted given that its failure to comply with a

4   court order "was the result of an inadvertent calendaring mistake rather than bad faith" and given

5   that it promptly filed the waiver forms.  (*Id.*)  CDCR further notes that this Court's inherent

6   power to sanction purportedly extends only to compensatory sanctions and that there is no

7   indication Plaintiff has incurred any expenses as a result of the delay concerning service. (*Id.*)

8       Counsel's assertion regarding the domain of a district court to impose sanctions is an

9   overgeneralization. "Sanctions for civil contempt may be imposed to coerce obedience to a court

10  order, <u>or</u> to compensate the party pursuing the contempt action for injuries resulting from the

11  contemptuous behavior, <u>or both</u>."  *Gen. Sig. Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th

12  Cir. 1986) (emphasis added). Consistent with this, the Court of Appeals long has affirmed the

13  district court's discretion to impose sanctions intended to coerce a noncompliant party into

14  compliance with court orders.  *See, e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th

15  Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not

16  compensatory" as "an amount required to prevent future violations") (unpublished). Accord

17  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming

18  district court's imposition of daily sanctions to coerce compliance with court order). Here,

19  however, given CDCR's prompt response to the Court's show cause orders, the Court perceives

20  CDCR recognizes the importance of timely complying with all court orders and concludes no

21  coercive sanction is necessary.

22      **III.    CONCLUSION AND ORDER**

23      Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

24      1.  The Court's show cause orders issued March 6 and March 8, 2024 (Docs. 44, 46) are

25          **DISCHARGED**; and

26

27

28

2.  CDCR's request for an extension of time within which to file notices of intent to either waive or not waive service (Doc. 45), is **GRANTED**.

IT IS SO ORDERED.

Dated:   **March 12, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

4