UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>SCALIA, *et al.*,<br><br>  Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR COMPETENCY DETERMINATION**<br><br>(Docs. 42 & 43) |

Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado.

**I.   INTRODUCTION**

Plaintiff filed two motions on February 14, 2024. (Docs. 42 & 43.) More specifically, in a document titled "Motion – New Circumstances, 3rd request for appointment of Counsel In either full or Partial Capacities and Motion – Court Clearly Certify Competency of Plaintiff," Plaintiff asks the Court to "certify [him] as 'competent to move forward with litigation of these matters.'"

(Doc. 42 at 1-2.) He states without "an answer of clearance of competency," "[i]t would do ill justice to these cases to move forward in pursuit of justice." (*Id*. at 2.) Plaintiff contends the Court failed to address "and [to] either clearly state" his competency, appoint a forensic team "for said clearance" and notes the Court refused his second request for appointed counsel. (*Id*.) Plaintiff states he is currently being held under "Cal Pen Code 1026," and that this Court "cannot rightly move forward with this case without addressing the issue." (*Id*.) Plaintiff objects to the Court's "failure to recognize [his] current situation." (*Id*.)

In a second document filed February 14, 2024, titled "Motion: 3-rd Request For Appointment of Counsel" (Doc. 43), Plaintiff states he is unable "to investigate facts" and that this case "requires extensive documentationary [sic] disc, depositions of prison officials as well as access to witnesses," which he cannot do. (*Id*. at 2.) Plaintiff asserts that as a patient of the Department of State Hospitals he "only allowed to possess a meager 6" (inches) of paperwork, including, but not limited to legal work, personal letters, mail and therapy related paperwork." (*Id*.) Further, Plaintiff may not possess crime scene photos. (*Id*.) Because he is limited to "1 -free mail per week and may not excess more than a 1/4" (in) inside of a 16" x 4" standard envelope," he is prevented from "being able to send in litigation for his & multiple other cases in this district court and outside of it." (*Id*.) He maintains these restrictions have "led to time violations on several occasions." (*Id*.) Next, Plaintiff contends that "due to strong resistance by the" Attorney General's Office he expects there will be conflicting evidence "leading to the need for cross examination which will be important to these cases." (*Id*.; *see id*. at 6.) Plaintiff contends his indigency "should be considered as the circumstances & factors present 'special difficulties'" for him. (*Id.* at 3.) Plaintiff experiences great stress that is "bad for [his] existing ailments," including hypertension, congestive heart failure, a heart murmur, and osteoporosis that makes writing painful and difficult. (*Id*.)

Next, Plaintiff states he is "not highly educated in school or law," does not know how to obtain discovery or answers to deposition questions. (*Id*. at 3-4.) Plaintiff maintains he has shown the Court "on several occasions" that he has developmental learning disability and a severe mental health diagnosis, but the Court ignored his request for a competency hearing "or to

2

give competency consideration of any kind." (*Id*. at 4.) Plaintiff contends he has no idea how to proceed, particularly regarding discovery. (*Id*. at 4-5.) He asserts he has tried to "obtain legal books and materials" but the hospital infringes upon his rights to access the courts. (*Id*. at 5.) Plaintiff states he has "no idea what the de novo hearing the Court spoke of in (Doc. 34) … even has to do with" his case. (*Id*.)

Plaintiff separately asserts this is case is complex, the legal issues are "too hard to re live and too complex to handle." (*Id*.) Factual issues may require expert witnesses regarding conduct of the officers, and medical and mental health issues. (*Id*.) Plaintiff asserts it "may serve justice to combine" the cases he has filed in this district because they "have the same pre-existing factors leading up to the complains and fall under the same rights violations." (*Id*. at 5-6.) Plaintiff contends "the Court is wrong in saying that this case(s) are factually simple & legally straightforward." (*Id*. at 6.) He asserts his case is worthy of the appointment of counsel (*id*. at 6-7) and that cases involving staff assaults in Kings County are especially difficult "since the facts are almost always contended and there are seldom neutral witnesses." (*Id*. at 7.) Plaintiff maintains the skills required to litigation this case are beyond his abilities. (*Id*.) Alternatively, Plaintiff asks the Court to appoint counsel for the "limited purpose" of assisting him with discovery "and Trial Proceedings." (*Id*. at 8.) Plaintiff states he has been found to be "'legally insane' under Penal Code 1026" and that to proceed without a competency declaration from this Court "would be a failure of fair and equitable justice." (*Id*.) Plaintiff has sought the assistance of counsel from eight separate attorneys without success and does not possess the financial ability to hire an attorney. (*Id*. at 8-9.)

**II.    DISCUSSION**

As Plaintiff was advised on November 30, 2023, a "'party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented.'" (Doc. 33 at 3:22-24, citing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005)). Unlike the plaintiff is *Allen*, Plaintiff offers only his own statements concerning his incapacity. In *Allen*, the plaintiff's allegations regarding competency were additionally supported by another inmate's sworn declaration and a letter from Allen's psychiatrist with details concerning his

3

schizophrenia diagnosis and medications. *Allen*, 408 F.3d at 1153. Here, the Court will not order a competency determination on Plaintiff's statements alone. Plaintiff must present "substantial evidence of incompetence" but has failed to do so. If Plaintiff wishes the Court to make such a determination, he should submit *evidence* for the Court's consideration. Something more than Plaintiff's statements alone—for example, statements from treating physicians, medical records regarding diagnoses and medications, and/or sworn declarations of knowledgeable witnesses.

Moreover, the Court notes it has considered Plaintiff's previous requests for the appointment of counsel pursuant to *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Most recently, the Court considered numerous factors that Plaintiff relies on in his instant requests: pro se status, incarceration, indigency, a lack of legal education, limited access to the law library, and the fact an attorney is better equipped to litigate this type of case. (*See* Doc. 33 at 4-5.) Nothing presented by Plaintiff's most recent requests changes the Court's analysis regarding those issues and the Court will not repeat the analysis here.

To the extent Plaintiff contends certain restrictions imposed by his hospitalization—regarding page limitations, photographs, postage, paper and envelope size or availability—support his request, those restrictions appear to be common to all patients at the facility and do not amount to an exceptional circumstance. *See, e.g.*, *Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel").

As concerns Plaintiff's physical and mental disabilities, those circumstances are not typically exceptional circumstances warranting the appointment of counsel. *See Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, *mental illness and disability*, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair

4

to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"). And, as noted above, Plaintiff fails to show substantial evidence of his incompetence.

To the extent Plaintiff declares this case involves medical issues that will require expert testimony, nor is this an exceptional circumstance warranting the appointment of counsel. *Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Furthermore, Plaintiff is advised that Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis statute* and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

Moreover, while the Court appreciates Plaintiff's efforts to secure counsel, his inability to find counsel is not "a proper factor for the Court to consider in determining whether to request

counsel." *Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

In sum, Plaintiff faces challenges and circumstances faced by most pro se prisoner or civil detainee litigants. As the Court has previously held, those circumstances are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.     CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's February 14, 2024 requests for a competency determination and for the appointment of counsel (Docs. 42 & 43) are **DENIED**.

IT IS SO ORDERED.

Dated:   **March 29, 2024**

UNITED STATES MAGISTRATE JUDGE