UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCALIA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:20-cv-01468-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COMPETENCY DETERMINATION AND TO APPOINT COUNSEL**<br><br>(Doc. 60) |

Plaintiff Matthew H. Beckett is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado.

//

//

//

## I. INTRODUCTION

On July 18, 2024, Plaintiff filed[1] a document titled "Plaintiff Making Notice of Release of Information." (Doc. 60.) Plaintiff states he "signed a 'Release of Information' for the purpose of this Court confirming [his] Hospitalization, in hopes of a reconsideration for an appointment of counsel." (*Id*. at 1.) Further, Plaintiff states he has included the declaration of a fellow patient "as further proof." (*Id.*) The Declaration of Eric Wyatt indicates Wyatt is also a patient at Atascadero State Hospital. (*Id*. at 2.) Wyatt states he has known Plaintiff for about 16 months and that to the best of his knowledge Plaintiff "is an upstanding individual, and he is a PC 1026[2] (NGI)." (*Id*.)

## II. DISCUSSION

Plaintiff has filed numerous motions for the appointment of counsel and a competency determination. (*See* Docs. 31, 42, 43, 54.) In denying those requests, the Court has provided Plaintiff with the relevant legal standards and has explained the reasons for its denials. (Docs. 33, 51, 55.) Plaintiff again fails to meet the applicable legal standards.

Plaintiff has not provided the Court with the required information for a competency determination. The Court notes that despite indicating he included a "Release of Information," Plaintiff has not provided such a release. More importantly, even had a release been included, the Court would take no action. It is Plaintiff's obligation to obtain the necessary medical records or documentation and to provide that information to the Court. The Court does not conduct discovery on a party's behalf. *See, e.g*., *Davis v. Agundez*, No. 1:20-cv-00640-DAD-BAK (EPG) (PC), 2022 WL 3969629, at *1 (E.D. Cal. Aug. 31, 2022) (plaintiff's request the court obtain body cam footage is improper; "Court itself does not conduct discovery; discovery is conducted by the parties themselves"); *Merino v. Gomez*, No. 2:21-cv-0572 TLN KJN P, 2022 WL 16575651, at *1 (E.D. Cal. Nov. 1, 2022) (court not authorized to conduct discovery on

---

[1] The Clerk's Office docketed the filing as a "Motion for Reconsideration." (Doc. 60.) Despite that designation, the content of the filing reveals Plaintiff is not seeking reconsideration of a previous denial, but rather is resubmitting his request.

[2] California Penal Code section 1026 concerns pleas of insanity, trials, verdicts and sentences, commitments, outpatient status, restoration of sanity, transfers, and reports by hospitals or facilities.

plaintiff's behalf); *Lipsey v. Samaniego*, No. 1:17-cv-01703-MJS (PC), 2018 WL 500576, at *8 (E.D. Cal. Jan. 22, 2018) ("Plaintiff requests the Court provide him the home addresses of all Defendants no longer employed at CSP. Plaintiff provides no authority for such relief and the Court is unaware of any ... The court will not conduct or provide discovery for Plaintiff"); *Womack v. Virga*, No. 2:11-cv-1030 MCE EFB P, 2012 WL 4465372, at *3 (E.D. Cal. Sept. 25, 2012) ("The role of the court is not to conduct discovery or research for the parties").

      As Plaintiff has been repeatedly advised (*see* Docs. 33, 51 & 55), a "'party proceeding pro se in a civil lawsuit is entitled to a competency determination *when substantial evidence of incompetence is presented*.'" *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (italics added). Unlike the plaintiff is *Allen*, Plaintiff again fails to present substantial evidence of incompetence, such as the statement of a psychiatrist addressing Plaintiff's mental diagnoses and competency or medical records regarding diagnoses and medications. Further, inmate Wyatt's declaration simply states he is aware of Plaintiff's "NGI" status. Unlike the inmate's declaration in *Allen*, Wyatt's declaration is void of any information addressing Plaintiff's mental state or competency. Wyatt also states Plaintiff is an "upstanding individual," but that statement does not assist the Court in determining whether a competency determination is warranted. Simply put, the fact Plaintiff is detained at Atascadero State Hospital, or has purportedly been deemed incompetent in state court proceedings, is not enough. Federal law and federal procedural rules apply to this action.

      As indicated above, the Court has considered Plaintiff's previous requests for the appointment of counsel pursuant to *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). It has considered numerous factors that Plaintiff relied on in those requests: pro se status, incarceration, mental disability, indigency, a lack of legal education, limited access to the law library, and the fact an attorney is better equipped to litigate this type of case. To the extent Plaintiff asks this Court to consider competency for purposes of the appointment of counsel, the Court once again finds substantial evidence does not support Plaintiff's request. *See Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence");

3

*McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2-3 (E.D. Cal. Dec. 11, 2009) ("Plaintiff has submitted evidence of incompetence similar to what the petitioner submitted in *Allen*. However, there is no nexus between his mental disorder and his ability to articulate his claims. Plaintiff's claim that he suffers from a mental illness which prevents him from sufficiently bringing his case is undercut by his pleading").

Until Plaintiff provides this Court with substantial evidence of a mental disability or deficiency related to his ability to litigate this action, Plaintiff's requests for a competency determination and/or for the appointment of counsel will be denied. It is Plaintiff's obligation to obtain the necessary medical records or documentation and to provide it to the Court.

### III.     CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's July 18, 2024, motion (Doc. 60) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 19, 2024**                              _____
                                                                                UNITED STATES MAGISTRATE JUDGE