1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    MATTHEW H. BECKETT,                      Case No. 1:20-cv-01468-JLT-CDB (PC)

12              Plaintiff,                      **ORDER DENYING PLAINTIFF'S**
                                                **REQUEST FOR A MEDIATOR**
13         v.
                                                (Doc. 66)
14    SCALIA, *et al.*,

15              Defendants.

16

17

18         Plaintiff Matthew H. Beckett is a former state prisoner and current civil detainee

19    proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

20    This action proceeds on Plaintiff's Eighth Amendment excessive force claims against

21    Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims

22    against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical

23    needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado.

24         **I.      INTRODUCTION**

25         The Court issued its Order Referring Case to Post-Screening ADR and Staying Case for

26    90 Days on September 13, 2024. (Doc. 64.)

27

28

On September 27, 2024, Plaintiff filed a Notice Regarding Early Settlement Conference, indicating his wish to participate in a settlement conference. (Doc. 65.) That same date, Plaintiff filed a document titled "Plaintiff-requesting mediator for settlement conference." (Doc. 66.)

## II.    DISCUSSION

The Court construes Plaintiff's September 27, 2024, request to be a motion for the appointment of counsel for the limited purpose of representation at a settlement conference. (Doc. 66.) Plaintiff states he is "not a professional negotiator" and does not possess a high school diploma. (*Id*. at 1.) He asserts appointing counsel to present him "for the entire process the settlement start to finish" is in his best interest. (*Id*.) Plaintiff cites to out of district and/or circuit authority in support of his request. (*Id*.) Plaintiff states he is "again requesting that this court would take into consideration [his] hospitalization and the facts / documentation that [he has] repeatedly provided to this court of [his] deserving a competency hearing." (*Id*. at 2.) Plaintiff contends he has "provided a 'treatment plan' that shows all the doctors, social workers, [psychiatric] technicians, medical staff and [their] stamp of sworn treatment as well as [his] psychiatric diagnosis, medical issues and definitively more." (*Id*.) Plaintiff asserts he has provided more documentation than the plaintiff in *Allen v. Calderon*.[1] (*Id*.) He states he "will include another 'Treatment plan' and a second declaration written by another patient Daniel Kauwe AT# 075537-4, and also another self declared missive." (*Id*.)

Initially, the Court notes it has not been determined that an early settlement conference will occur in this action. While Plaintiff has returned his notice indicating a wish to participate, Defendants have not yet done so. Defendants have until October 28, 2024, within which to notify the Court whether they wish to participate in an early settlement conference. Participation is voluntary. If Defendants elect not to participate in an early settlement conference, a settlement conference will not be scheduled and instead this matter will proceed to the discovery process. Hence, Plaintiff's request is premature.

Second, as Plaintiff has been repeatedly advised, his lack of knowledge of the law and limited education do not amount to exceptional circumstances warranting the appointment of

---

[1] 408 F.3d 1150 (9th Cir. 2005).

1  counsel, even on a limited basis. (*See* Doc. 33 at 4-5 ["circumstances common to most prisoners,

2  such as lack of legal education … do not establish exceptional circumstances that would warrant

3  a request for voluntary assistance of counsel"]; *see also, e.g.,* Doc. 61.)

4          Third, despite Plaintiff's assertions to the contrary, he has not provided the Court with

5  sufficient evidence warranting a competency hearing. (Doc. 33 at 4:22-5:20 [discussion re

6  competency hearing]; Doc. 51[2] [Order Denying Plaintiff's Motions to Appoint Counsel and for

7  Competency Determination]; Doc. 55 at 2:14-23 [discussion re requirements for competency

8  hearing]; Doc. 61[3] [Order Denying Plaintiff's Motion for Competency Determination and to

9  Appoint Counsel].) Moreover, the instant motion does not include "another 'Treatment plan' and

10  a second declaration written by another patient Daniel Kauwe AT# 075537-4, and also another

11  self declared missive." The motion filed with this Court consists of a total of three pages: the

12  two-page typed motion and a handwritten proof of service. (Doc. 66.) In other words, no

13  "treatment plan," declaration by patient Kauwe, or "self declared missive" were provided.

14          In sum, this Court has considered and denied numerous motions by Plaintiff to appoint

15  counsel and to hold a competency hearing. Plaintiff has not established that exceptional

16  circumstances exists warranting the appointment of counsel, even on a limited basis. Nor has

17  Plaintiff provided the required documentation for a competency hearing. The Court has

18  repeatedly explained the deficiencies concerning Plaintiff's requests for a competency hearing

19  and those deficiencies remain.

20  //

21  //

22  //

23  //

24

25  [2] "Here, the Court will not order a competency determination on Plaintiff's statements alone. Plaintiff must present 'substantial evidence of incompetence' but has failed to do so. If Plaintiff wishes the Court to make such a determination, he must submit *evidence* for the Court's consideration. Something more than Plaintiff's statements

26  alone…." (Doc. 51 at 4, italics in original.)

27  [3] "Until Plaintiff provides this Court with substantial evidence of a mental disability or deficiency related to his ability to litigation this action, Plaintiff's requests for a competency determination and/or for the appointment of

28  counsel will be denied. It is Plaintiff's obligation to obtain the necessary medical records or documentation and to provide it to the Court." (Doc. 61 at 4.)

1

### III.    CONCLUSION AND ORDER

2          For the reasons stated above, Plaintiff's motion or request filed September 27, 2024 (Doc.

3    66), seeking counsel for the limited purpose of representation at a settlement conference, is

4    **DENIED**.

5    IT IS SO ORDERED.

6          Dated:   **October 1, 2024**                    _____

7                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4