UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SCALIA, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01468-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 90) |

Plaintiff Matthew H. Beckett is a former state prisoner and current civil detainee proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.[1] This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado. (*See* Doc. 39.)

**I.    INTRODUCTION**

On March 12, 2025, Plaintiff filed his fifth motion seeking the appointment of counsel. (Doc. 90.) Plaintiff's previous motions concerning the appointment counsel were filed on

---

[1] This action was reassigned to the undersigned for all further proceedings, including trial and entry of judgment, on November 4, 2024. (*See* Doc. 74 [Order Reassigning the Action issued by District Judge Jennifer L. Thurston].)

November 29, 2023 (Doc. 31), February 14, 2024 (Docs. 42, 43), July 18, 2024 (Doc. 60), and November 25, 2024 (Doc. 75).

## II. DISCUSSION

As before, and for the reasons stated in this Court's November 30, 2023 (Doc. 33), March 29, 2024 (Doc. 51), July 19, 2024 (Doc. 61), and January 10, 2025 (Doc. 80) orders, Plaintiff's motion for the appointment of counsel will be denied. The Court has previously addressed Plaintiff's pro se status, his inability to afford counsel, the complexity of the issues, limited access to the law library and limited knowledge of the law, his efforts to retain counsel, assertions of mental disability, and the difficulties associated with discovery and preparing for trial. The instant motion offers no new factor or bases upon which to find exceptional circumstances exist in this case warranting the appointment of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

As Plaintiff has been repeatedly advised, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To the extent Plaintiff contends harassment or retaliation warrants the appointment of counsel, he is mistaken. *See, e.g.*, *Cortez v. McGhee*, No. 1:24-cv-00941 GSA (PC), 2025 WL 401217, at *2 (E.D. Cal. Jan. 24, 2025) (denying counsel where plaintiff asserted he was "being retaliated against"); *Calloway v. YouSee*, No. 1:21-cv-01450-JLT-BAM, 2023 WL 4711035, at *2-3 (E.D. Cal. July 24, 2023) (denying counsel where plaintiff asserted counsel would "stop the imminent threat of retaliation, injuries, or death"); *Marsala v. Diaz*, No. 1:22-cv-00843-BAM (PC), 2022 WL 2818737, at **1 (E.D. Cal. July 19, 2022) (denying counsel where plaintiff asserted he had "been harassed, ridiculed, and retaliated against when interacting with staff"); *Reed v. Paramo*, No. 18cv361-JLS-LL, 2020 WL 8483902, at *2 (S.D. Cal. Jan. 10, 2020) ("Plaintiff states that retaliation and harassment are reasons why the Court should appoint counsel, but that is not the test").

///

///

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons discussed above and in the prior orders identified herein, the Court **HEREBY ORDERS** that Plaintiff's motion for appointment of counsel (Doc. 90) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 21, 2025**

UNITED STATES MAGISTRATE JUDGE