UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>SCALIA, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-01468-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>(Doc. 81)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FILED FEBRUARY 13, 2025, AND FEBRUARY 18, 2025**<br><br>(Docs. 82 & 83)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>(Doc. 86)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(Doc. 87) |

      Plaintiff Matthew H. Beckett is a former state prisoner and current civil detainee proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.[1]

---

[1] This action was reassigned to the undersigned for all further proceedings, including trial and entry of judgment, on November 4, 2024. (*See* Doc. 74 [Order Reassigning the Action issued by District Judge Jennifer L. Thurston].)

This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado. (*See* Doc. 39.)

I.   **INTRODUCTION**

The following motions are pending on this Court's docket in this action:

1. Plaintiff's motion to amend filed February 12, 2025 (Doc. 81)
2. Plaintiff's motion or request of February 13, 2025 (Doc. 82)
3. Plaintiff's motion or request of February 18, 2025 (Doc. 83)
4. Defendants' motion for summary judgment filed February 24, 2025 (Doc. 84)
5. Defendants' motion to stay discovery filed March 6, 2025 (Doc. 86)
6. Plaintiff's motion to compel filed March 10, 2025 (Doc. 87)

The Court will address all but Defendants' pending motion for summary judgment below.

II.   **DISCUSSION**

*Plaintiff's Motion to Amend (Doc. 81)*

Background & Briefing

On January 10, 2025, this Court issued its Order Denying Plaintiff's Motion to Amend the Complaint. (Doc. 80.) Specifically, Plaintiff sought to amend his complaint to name the California Department of Corrections and Rehabilitation (CDCR) and the acting warden at California State Prison, Corcoran as defendants in this action. (*Id*. at 6.) He also sought to sue the defendants in their official and individual capacities. (*Id*.) First, the Court found granting Plaintiff leave to amend to name CDCR as a defendant would be futile. (*Id*. at 7.) Second, the Court found Plaintiff failed to explain how the acting warden was liable, therefore, Plaintiff was advised he "may renew his motion" if he could "show that any claim or claims against the acting warden meet the standards for supervisory liability" set forth in the order. (*Id*. at 9.) Finally, the Court found granting Plaintiff leave to amend to name Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado in their official capacities would be futile. (*Id*.)

2

On February 12, 2025, Plaintiff filed a document titled "plaintiff-Seeking courts leave for permission to amend." (Doc. 81.) Plaintiff states he objects to the Court's order denying his motion to amend to add CDCR as a defendant because, he contends, his exhibit establishes "that an entity such as CDCR is not completely above reproach." (*Id*. at 1.) Plaintiff maintains CDCR failed to place required cameras "but was in default of that code, therefore responsible," that CDCR failed to train its officers regarding mental health "and other blatantanly [sic] obvious failures," that a failure to protect "falls upon CDCR," that the warden was aware of the conduct by way of the grievance process and Plaintiff's "letter giving 'Notice' to the warden while housed there," and that the CDCR is liable as a private entity. (*Id*. at 1-2; *see also id*. at 9-10.) Plaintiff asserts he intends to add "LT. Gonzales/LT. Gonzalez" as a defendant to "show how his actions as well as the action of all the other supervisors in this case actions directly led to or allowed the violations" alleged. (*Id*. at 7.)

Defendants filed an opposition to the motion on March 5, 2025. (Doc. 85.) They contend Plaintiff unduly delayed in bringing claims against CDCR and the warden, that permitting Plaintiff leave to amend his complaint to include CDCR and the warden would be futile, that Plaintiff fails to allege any specific acts or omissions against Gonzalez and that his administrative remedies were unavailable. (*Id*. at 3-4.) Finally, Defendants argue allowing amendment at this stage of the proceedings would significantly prejudice Defendants. (*Id*. at 4.)

## Analysis

The Court incorporates here from its earlier order denying Plaintiff leave to amend the applicable standard of law under Rule 15 of the Federal Rules of Civil Procedure. (*See* Doc. 80 at 6-7.) Although "[t]he court should freely give leave when justice so requires," under Rule 15(a)(2), and there is presumption in favor of granting leave to amend, such leave need not be granted where such amendment (1) would prejudice the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Eminence Capital LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)); *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

3

1    Defendants assert undue delay by Plaintiff. In evaluating undue delay, the Court
2 considers not only whether a motion to amend was timely under the scheduling order, but
3 "'whether the moving party knew or should have known the facts and theories raised by the
4 amendment in the original pleading.'" *AmerisourceBergen Corp.*, 465 F.3d at 953 (quoting
5 *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Here, Plaintiff plainly knew or
6 should have known the facts and theories he seeks to include in any amendment when he filed
7 his original complaint in October 2020, his first amended complaint in March 2021, and his
8 second amended complaint in September 2022. *See, e.g.*, *Smith v. Albee*, No. 2:15-cv-1598 JAM
9 KJN P, 2019 WL 2952962, at *4 (E.D. Cal. July 9, 2019) ("In 2015, plaintiff was aware of the
10 alleged false incident report and subsequent disciplinary action … yet failed to include such
11 allegations in his original complaint or prior amended pleadings"); *Griffin v. Kelso*, No. 2:10-cv-
12 2525 MCE AC P, 2018 WL 3752132, at *3 (E.D. Cal. Aug. 8, 2018) (noting plaintiff sought to
13 "add claims under the ADA and RA," and finding "plaintiff cannot reasonably argue that the
14 facts supporting these claims were not known to him when he initiated this action"). Thus, as this
15 record demonstrates, there exists a strong showing against granting Plaintiff the leave he
16 belatedly seeks.

17    Regarding CDCR, as previously determined (*see* Doc. 80 at 7), CDCR is entitled to
18 Eleventh Amendment immunity. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241
19 (1985); *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Dittman v.*
20 *California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Nothing in Plaintiff's motion changes this
21 outcome. And CDCR is a public entity, not a private one, despite Plaintiff's assertion otherwise.
22 The same can be said of any argument by Plaintiff that these Defendants can be sued in their
23 official capacities; amendment would be futile for the reasons previously explained. (*See* Doc. 80
24 at 9.)

25    Next, Plaintiff's allegations concerning the acting warden are vague and conclusory.
26 Plaintiff contends the acting warden was aware of his allegations due to the prison's grievance
27 process and his "letter giving 'Notice' to the warden while housed there." Plaintiff does not
28 indicate what his letter advised the warden of, and it is not an exhibit to his motion. *See, e.g.*,

4

*Shavers v. Taber*, No. 2:21-cv-01734-JDP (PC), 2022 WL 4345708, at *1 (E.D. Cal. Sept. 19, 2022) ("Plaintiff alleges that the prison warden was made aware of his issues with the aforementioned defendants through the prison grievance process but failed to take corrective action" and noting "again, however, plaintiff does not allege what facts his grievance apprised the warden of. These allegations are too vague to state a cognizable claim") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ["The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"].) Notably too, Plaintiff was aware or should have been aware of these allegations at the time he filed his original complaint.

Concerning correctional lieutenant Gonzales or Gonzales, Plaintiff fails to offer specific factually allegations. Simply stating he intends to do so is insufficient. The Court's January 2025 order makes plain Plaintiff is required to explain what action or inaction he attributes to any defendant he would seek to name as a defendant in the action, as have this Court's prior screening orders. (*See* Docs. 10, 17, 29, 80.) And there is nothing to indicate Plaintiff was previously unaware of any action or inaction by Gonzales or Gonzalez.

Plaintiff's assertion regarding the unavailability of administrative remedies will be addressed when the Court considers Defendants' pending motion for summary judgment concerning exhaustion. The Court notes Plaintiff's second amended complaint asserts "the grievance system was obstructed and made unusable to the highest level." (*See* Doc. 24 at 3.)

Lastly, the Court finds Defendants' argument concerning prejudice somewhat persuasive considering this case has been pending in this district since October 13, 2020. Nevertheless, discovery has not yet closed as that deadline is presently set for June 24, 2025. (*See* Doc. 71.)

In sum, Plaintiff's motion for leave to amend his complaint is denied on the bases of futility and undue delay. *Eminence Capital LLC*, 316 F.3d at 1052.

### *Plaintiff's Motion or Request of February 2025 (Docs. 82 & 83)*

Plaintiff's February 12, 2025, filing is titled "plaintiff-Motion requesting court recognise [sic] Deprivation of Rights Prevention of Litigation," and seeks "access to the law library Lexis Nexis system for eight hrs per week." (Doc. 82.) Plaintiff's February 18, 2025, filing is titled

"plaintiff-Motion requesting court recognise [sic] Deprivation of rights preventation [sic] of litigation." (Doc. 83.)[2] Plaintiff seeks access to the law library's Lexis Nexis system and contends that "simply having the program on the computer where a patient/prisoner [cannot] get to it, [does] not account for 'sufficient access.'" (*Id*. at 1.)

The Court construes Plaintiff's filings to seek injunctive relief concerning his access to the law library, and to the timely receipt of his legal mail.[3]

A plaintiff is not entitled to injunctive relief based on claims not pled in the complaint because the "court's equitable power lies only over the merits of the case or controversy before it." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Here, the case or controversy before the Court involves Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado. None of the claims upon which this action proceeds involve Plaintiff's access to the law library or his legal mail. Therefore, this Court lacks the power to grant the relief Plaintiff seeks. *Pacific Radiation Oncology, LLC*, 810 F.3d at 633; *see Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Further, a federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda*, 753 F.2d at 727-28. Under the Federal Rules of Civil Procedure, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed.

---

[2] The filing is 115 pages long, 112 pages of which are Plaintiff's exhibits including complaint and legal mail release waiver forms, "Declaration of Mail issues at A.S.H.," and discovery requests directed to Defendants and third parties. Many of the documents are duplicative of previous filings or other exhibits.

[3] The legal mail issue is not presented until page 21 of the filing and appears randomly among the exhibits.

R. Civ. P. 65(d)(2)(A)-(C). Here, the Court does not have personal jurisdiction over any individual at Atascadero State Hospital—where Plaintiff is presently confined—rather, it has personal jurisdiction only over the California State Prison-Corcoran Defendants: Hackworth, Hernandez, Hurtado, Madrigal, and Scalia. Injunctive relief is therefore not available or appropriate involving any individual or official at Atascadero State Hospital. Plaintiff's requests are denied.

### *Defendants' Motion to Stay Discovery (Doc. 86)*

Defendants seek a stay of discovery pending the outcome of their summary judgment motion concerning exhaustion. (Doc. 86.) Their motion is unopposed.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55).

Here, considering the possible damage that might result from granting a stay of this action, the Court finds little risk. Although discovery has commenced, a stay of these proceedings will merely suspend the remaining discovery deadlines until a determination of the pending summary judgment regarding exhaustion is issued. If the motion is denied, the Court will issue an amended discovery order with new deadlines. If the motion is granted, the action would be dismissed, and discovery deadlines would be immaterial. In that way, no party is disadvantaged

by the requested stay. Next, considering the hardship or inequity which a party might suffer in being required to go forward, the Court finds Defendants would suffer such hardship by being required to participate in discovery to meet the deadlines previously imposed before their pending motion is decided. Finally, the Court finds the orderly course of justice favors a stay of these proceedings because resolution of Defendants' pending summary judgment motion concerning exhaustion has the potential to result in a dismissal of this action. In any event, a stay of these proceedings would not complicate the issues, proof, or questions of law. *CMAX, Inc.*, 300 F.2d at 268.

Further, Defendants' requested stay of these proceedings is limited to the period it will take for the undersigned to issue a final ruling on their motion. Thus, it is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119. In sum, Defendants have met their burden of establishing the need to stay this action. *Clinton*, 520 U.S. at 708. Defendants' motion is granted.

### *Plaintiff's Motion to Compel (Doc. 87)*

Plaintiff filed a motion to compel on March 10, 2025. (Doc. 87.) It is two pages long[4] and asks the Court to compel responses from Defendants to written discovery propounded by Plaintiff, including requests for production, requests for admission, interrogatories, and depositions. Plaintiff states he has "provided the Defendants" with his discovery requests and states, "this has been a period of several weeks since these discovery requests were delivered by U.S. mail" and that Defendants "have filed several documents since while ignoring, and refusing to respond." Plaintiff contends Defendants' refusal to respond amounts to his "being 'Deliberately Hindered,' 'In Bad Faith' to 'Stymie' a plaintiff's ability to achieve Justice, and in so doing "is over complicating this case." Plaintiff also asserts Defendants are acting "knowingly and willfully.'"

Defendants oppose Plaintiff's motion. (Doc. 94.) Defendants contend Plaintiff's motion is premature and moot. They further contend Plaintiff's motion is "potentially moot" considering their pending motion to stay discovery. Defendants maintain "no discovery remains outstanding"

---

[4] The motion does not include copies of the discovery purportedly propounded to Defendants.

to Plaintiff. Defendants' opposition is supported by the Declaration of Ryan T. Gille. (Doc. 94-1.) Defense counsel declares his office served responses to Plaintiff's discovery on March 18, 2025; attached to the declaration as an exhibit is a Proof of Service indicating seven sets of discovery responses were mailed to Plaintiff on that date.

First, Plaintiff's motion is procedurally deficient. Plaintiff fails to indicate any date upon which he purportedly mailed any discovery to Defendants, and copies of the discovery requests were not included. Without a date reference, the Court cannot discern whether any discovery is overdue.

Nevertheless, Defendants contend, in the absence of any evidence or indication to the contrary, that Plaintiff served his discovery requests on February 13, 2025, making their responses due on or before April 2, 2025. Therefore, the instant motion—filed on March 10, 2025—is premature. Moreover, Defendants have established their responses were served to Plaintiff on March 18, 2025, rendering Plaintiff's motion to compel moot.

In sum, Plaintiff's motion to compel is denied as premature and moot.

### III.   CONCLUSION AND ORDER

Accordingly, based upon the foregoing, the Court **HEREBY ORDERS**:

1. Plaintiff's motion to amend (Doc. 81) is **DENIED**;
2. Plaintiff's motions of February 13, 2025 (Doc. 82) and February 18, 2025 (Doc. 83) seeking injunctive relief are **DENIED**;
3. Defendants' motion to stay discovery (Doc. 86) is **GRANTED**. The Court will issue an amended scheduling order following resolution of Defendants' summary judgment motion concerning exhaustion, if necessary;
4. Plaintiff's motion to compel (Doc. 87) is **DENIED**; and,

//
//
//
//
//

9

5.  The Court will issue an order on Defendants' motion for summary judgment in due course.[5] No further motion practice will be permitted until Defendants' pending summary judgment motion is addressed.

IT IS SO ORDERED.

Dated:   **April 14, 2025**               _____
                                          UNITED STATES MAGISTRATE JUDGE

---

[5] That motion was considered fully briefed and submitted for decision with the filing of Defendants' reply on March 24, 2025. *See* Local Rule 230(*l*).