UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SCALIA, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01468-CDB (PC)<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF MAY 15, 2025**<br><br>(Doc. 96) |

**I.  INTRODUCTION**

This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Scalia, Madrigal and Hernandez, failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth, and Hurtado. (*See* Doc. 39.) Plaintiff's claims against these Defendants arose when he was previously incarcerated at Corcoran State Prison.

**II.  RELEVANT BACKGROUND**

On March 21, 2025, the Court issued its Order Denying Plaintiff's Motion for Appointment of Counsel. (Doc. 92.) The order was served to Plaintiff at his then address of record: Matthew H. Beckett, Atascadero State Hospital, P.O. Box 7001, 10333 El Camino Real, Atascadero, CA 93423-7001.

On March 31, 2025, the order was returned to the Court by the United States Postal Service marked "Undeliverable" and "Unable to Forward."

On April 15, 2025, this Court issued its Order Denying Plaintiff's Motion to Amend, Order Denying Plaintiff's Motions Filed February 13, 2025 and February 18, 2025, Order Granting Defendants' Motion to Stay Discovery, and Order Denying Plaintiff's Motion to Compel. (Doc. 95.) This order too was served on Plaintiff at his address then on file with the Court.

On May 7, 2025, the order was returned marked "Undeliverable," "Attempted – Not Known," "Unable to Forward," and "Not at Facility."

On May 15, 2025, Plaintiff filed a document titled "Plaintiff-Notice of Change of Address; Plaintiff-Notice of Cont'd Retalitorial [sic] actions [Re: Beckett v. Dept State Hospitals]; Plaintiff-Request Injunctive Relief/Time Suspension." (Doc. 96.)

### III.   DISCUSSION

Plaintiff's May 15, 2025, filing is dated and signed May 4, 2025. (*See* Doc. 96 at 8.) Therefore, although more than 40 days elapsed between the date the notice was signed and the date it was received, the Court finds Plaintiff's notice of change of address complies with Local Rule 183(b). The Clerk of the Court has updated Plaintiff's address on the docket for this action and has re-served this Court's order issued April 15, 2025, to Plaintiff's new address.

To the extent Plaintiff complains of retaliatory behavior by officials at Atascadero State Hospital (*see* Doc. 96 at 1-7), this action does not involve any claims against those officials or any officials at a facility other than California State Prison-Corcoran—this action concerns Correctional Officers Hernandez, Hurtado, Madrigal and Scalia and Correctional Lieutenant Hackworth only.[1] Any concerns or claims involving officials at Atascadero State Hospital should be addressed in the action Plaintiff has purportedly filed in the United States District Court for the Central District of California (*see* Doc. 96 at 4 ["case in the 'Central Dist of CA,' Beckett v. Dept

---

[1] *See* Doc. 95 at 6 ("Here, the case and controversy before the Court involves Plaintiff's Eighth Amendment excessive force claims against Defendant Scalia, Madrigal and Hernandez and failure to protect/failure to intervene claims against Defendant Hackworth, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Scalia, Madrigal, Hernandez, Hackworth and Hurtado").

2

of State Hosp"]) involving those officials as defendants, or a new action against those officials if the alleged retaliation is new and has not been previously asserted.

To the extent Plaintiff contends officials at Atascadero State Hospital illegally discharged him "prior to restoration" of sanity (*see* Doc. 96 at 4-5), again, this action does not involve those officials or any actions occurring at Atascadero State Hospital. This Court will take no action concerning these assertions. Plaintiff is advised such claims appear to concern the legality of his present custody, meaning his concerns should be addressed in a habeas corpus action—not a civil rights action involving conditions of confinement claims.[2]

Next, to the extent Plaintiff contends officials at Atascadero State Hospital are withholding his property, that too is not the subject of this action. Plaintiff may wish to assert those claims in a new action, presuming these assertions are new and were not asserted in the action he has purportedly filed in the Central District of California.

Plaintiff asserts too that he is not receiving the appropriate medical treatment at his present place of incarceration, the Kern County Lerdo Justice Facility in Bakersfield, California. (*See* Doc. 96 at 5-6.) Again, such claims must be brought against the individuals involved in the alleged constitutional deprivations in a new action filed in the appropriate state or federal court. They will not be heard in this action involving officials at California State Prison-Corcoran concerning actions occurring in 2018.

Plaintiff requests that "the courts would fitly 'vacate all scheduling dates' and 'decisions' until" he is "correctly housed," in possession of his legal materials, and has access to a law library. (Doc. 96 at 7.) In this action, on April 15, 2025, the Court granted Defendants' motion to stay discovery. (*See* Doc. 95 at 7-8, 9.) Therefore, there are no "scheduling dates" to vacate. Further, as indicated in the April 15 order, this "Court will issue an amended scheduling order following resolution of Defendants' summary judgment motion concerning exhaustion, if

---

[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus).

3

necessary." (*Id*. at 8.) Because that motion is fully briefed[3] and pending resolution, it will be decided in due course. Thus, for purposes of this case, whether Plaintiff has access to his legal materials, access to a law library, or is "correctly housed" at present do not warrant any further action by this Court. This is so because the only motion pending before this Court is awaiting determination and discovery is already stayed pending that determination. To the extent Plaintiff seeks to stay proceedings or vacate deadlines in any other action he has pending in this Court[4] or any other court, he must direct those requests to that specific action.

Finally, to the extent Plaintiff seeks any injunctive relief, it is clear from Plaintiff's filing of May 15, 2025, that any injunctive relief he seeks does not involve any named Defendant in this action.[5] Therefore, he must seek injunctive relief against any officials at Atascadero State Hospital or officials at the Kern County Lerdo Jail Facility in the appropriate action involving those individuals. This Court will take no action concerning injunctive relief as any such request is inappropriate and unavailable in this case.

### IV.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's notices or requests, excepting his notice of change address, are **DENIED** and/or **RESOLVED** as addressed above.

IT IS SO ORDERED.

Dated:   **May 16, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' reply brief was filed March 24, 2025. Thus, Defendants' motion is fully briefed and was deemed submitted on that date. *See* Local Rule 230(*l*) ("All such motions will be deemed submitted when the time to reply has expired").

[4] Plaintiff specifically references "Beckett v. Moreno et al," an action filed in this Court. (*See* Doc. 96 at 4.) Plaintiff is advised that the docket for that action, case number 1:20-cv-01427-BAM, reflects the action was closed on May 6, 2024. (*See* docket, 1:20-cv-01427, Docs. 64 & 65.) Further, a query of this Court's CM/ECF system reveals four cases filed in the United States District Court for the Eastern District of California. Only this action remains open and active. (Case numbers 2:20-cv-01927-JDP and 2:20-cv-020300-AC were transferred from the Sacramento division to the Fresno division and became case numbers 1:20-cv-01427-BAM and 1:20-cv-01468-CDB, this action, respectively.)

[5] *See, e.g., Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court").